IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL ANDRE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 2:21-cv-1201 |
| JOHN WETZEL, K. FEATHER, ADAM MAGOON, and MELINDA ADAMS, | ) ) ) ) ) | Magistrate Judge Patricia L. Dodge |
| Defendants. | ) | |

## **MEMORANDUM**[1]

For the following reasons, the Court will grant Defendants' Motion to Dismiss for Failure to Prosecute (ECF 51), dismiss Defendants' Third Motion to Compel (ECF 49) as moot and close this case.

**I.     Relevant Background**

Plaintiff Russell Andre is a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC") who is housed at SCI Mercer. He filed an Amended Complaint (ECF 19) with this Court in December 2021. He names as defendants John Wetzel, who is the former Secretary of the DOC, and the following individuals who worked at SCI Mercer during the relevant time: Adam Magoon, Melinda Adams and Karen Feather.

Andre asserts in the Amended Complaint that Defendants violated his constitutional rights between August 2020 and January 2021 by failing to follow safety protocols and precautions pertaining to COVID-19. He alleges that as a result of Defendants' misconduct, he contracted the

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case. Thus, the undersigned has the authority to decide dispositive motions and enter final judgment.

virus and experienced head and body aches, loss of taste and smell and endured pain and suffering. Based on these allegations, Andre raises claims under 42 U.S.C. § 1983 against all Defendants for violating his Eighth Amendment rights. He also raises related state-law claims. As relief, Andre seeks an award of money damages.

In February 2021, Defendants filed the Answer (ECF 35) to the Amended Complaint and the Court issued a case management order (ECF 37) that set forth the schedule for discovery, among other things. Pursuant to that order, all discovery was to be completed by May 25, 2022.

On May 6, 2022, Defendants filed their first motion to compel (ECF 43) in which they stated that Andre did not respond to their requests for production of documents. The Court granted Defendants' motion and ordered Andre to provide responses to the discovery requests by May 20, 2022. Thereafter, Andre did not comply with this order, request an extension to do so or otherwise communicate with the Court.

Defendants then filed a second motion to compel (ECF 46), which the Court also granted. (ECF 47.) In this order, the Court directed Andre to submit full and complete responses to Defendants' outstanding discovery requests by June 6, 2022 and advised him that his failure to do so may result in sanctions, including the dismissal of this action. (*Id.*)

On June 15, 2022, Defendants filed the pending Third Motion to Compel (ECF 49), explaining that Andre continued to disregard the Court's orders and did not provide discovery responses. Thus, Defendants asserted, the Court should dismiss this civil action for failure to prosecute. The Court then issued an order directing Andre to show cause no later than June 24, 2022 as to why this action should not be dismissed with prejudice because of his failure to comply with the Court's prior orders. Andre did not comply with this order, request an extension or communicate with the Court in any manner. In fact, Andre has submitted no filing with the

Court since December 2021. Thus, Defendants have filed the pending Motion to Dismiss for Failure to Prosecute. (ECF 51.)

**II.     Discussion**

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of an action or a claim, and under this Rule, a district court has authority to dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order. *See, e.g.*, *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994). In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis omitted).

There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). None of the *Poulis* factors are dispositive and not all of them need to weigh in favor of dismissal before it is warranted. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Rather, the Court must "properly consider and balance" each of the six factors based on the record. *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019) (citing *Poulis*, 747 F.2d at 868). It must also analyze the factors in light of the "strong policy favoring decisions on the merits." *Id.*

The first and fourth *Poulis* factors—the extent of Andre's personal responsibility and whether his conduct is willful—each weigh heavily in favor of dismissal. Andre is proceeding *pro se* and is solely responsible for his own conduct. *See, e.g.*, *Emerson v. Thiel Coll.,* 296 F.3d 184, 190 (3d Cir. 2002); *Winston v. Lindsey*, No. 1:09-cv-224, 2011 WL 6000991, *2 (W.D. Pa. Nov. 30, 2011). Andre has not communicated with the Court since December 2021 and has not complied with any of the Court's recent orders directing him to respond to Defendants' discovery requests. There is no reason to believe that Andre is not receiving the Court's orders since none of them have been returned as undeliverable, or that he is prevented from filing documents with this Court. Under the circumstances, the Court must conclude that Andre's decision not to communicate with the Court and comply with Court orders is intentional. *See, e.g.*, *Quadr v. Overmyer*, 642 F. App'x 100, 103 (3d Cir. 2016) (the district court correctly concluded that the plaintiff's actions were willful when he would not accept mail from the court, failed to respond to a motion to dismiss, and repeatedly missed deadlines).

The second *Poulis* factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams*, 29 F.3d at 874 (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). Although this factor does not weigh heavily in favor of dismissal at this time, it is not neutral either. Andre's repeated missing of deadlines and his failure to communicate with the Court frustrates and delays resolution of his claims against all Defendants. *Mack v. United States*, No. 3:17-cv-1982, 2019 WL 1302626, *1 (M.D. Pa. Mar. 21, 2019) (plaintiff's continued failure to communicate with the district court and inaction

4

"clearly prejudices the Defendants who seek a timely resolution of the case.") Thus, the second *Poulis* factor weighs at least slightly in favor of dismissal.

The third *Poulis* factor considers whether there is a history of dilatoriness. "[E]xtensive or repeated delay or delinquency constitutes a history of dilatoriness[.]" *Adams*, 29 F.3d at 874. "A party's problematic acts must be evaluated in light of its behavior over the life of the case[,]" *id.* at 875 and, typically, "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" *Briscoe*, 538 F.3d at 261 (citing *Scarborough*, 747 F.2d at 875, and *Donnelly v. Johns-Manvill Sales Corp.*, 677 F.2d 339, 343 (3d Cir. 1982)). Andre has failed to comply with all Court-ordered deadlines and has not communicated with the Court in any way since December 2021. For these reasons, the third *Poulis* factor weighs in favor of dismissal.

The fifth *Poulis* factor requires the Court to consider the effectiveness of sanctions other than dismissal. Under the circumstances presented here, in which Andre does not comply with Court orders, no longer communicates with the Court and appears to have abandoned the litigation, alternative sanctions would not be effective. *Bowie v. Perry*, No. 1:19-cv-13, 2019 WL 2412488, *2 (W.D. Pa. May 13, 2019) ("alternative sanctions are unlikely to be effective against a party who refuses to communicate with the Court."), report and recommendation adopted, 2019 WL 2410796 (W.D. Pa. July 7, 2019). Moreover, it is well-established that alternative, monetary sanctions are ineffective where, as is the case here, the plaintiff is indigent. *See, e.g., Brennan v. Clouse*, No. 2:11-cv-0146, 2012 WL 876228, at *3 (W.D. Pa. Mar. 14, 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent pro se parties.") (citing *Emerson*, 296 F.3d at 191). As such, this factor weights in favor of dismissal.

When evaluating the sixth *Poulis* factor, the Court must consider the potential merits of Andre's claims. A claim will be deemed meritorious "when the allegations of the pleadings, if

5

established at trial, would support recover by plaintiff." *Poulis*, 747 F.2d at 869-70. The standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim, and not the summary judgment standard, is applicable in the *Poulis* analysis. *Briscoe*, 538 F.3d at 263. Andre's failure to prosecute this action makes it difficult to determine whether the Eighth Amendment claims asserted against Defendants has, or could have, potential merit. Thus, this final *Poulis* factor does not weigh in favor of dismissal. However, as set forth above, none of the *Poulis* factors are dispositive and not all of them need to be met for a district court to find that dismissal is warranted.

### III.   Conclusion

In conclusion, at least five of the six *Poulis* factors weigh in favor of dismissal. The Court cannot properly control its docket, move this action forward, and properly protect the rights of all parties, if Andre fails to comply with Court orders and stops communicating with the Court altogether. He has consistently failed to comply with orders or otherwise communicate with the Court. Thus, the Court will grant Defendants' Motion (ECF 51) and will dismiss this civil action with prejudice for failure to prosecute, dismiss as moot the pending Motion to Compel (ECF 49) and close this case.

An appropriate Order follows.


July 13, 2022                                                          BY THE COURT:


                                                                       s/Patricia L. Dodge
                                                                       PATRICIA L. DODGE
                                                                       United States Magistrate Judge